JONQUIL L. URDAZ, ESQ.
Nevada Bar No.: 10783
HALL PRANGLE & SCHOONVELD, LLC
777 North Rainbow Blvd., Ste. 225
Las Vegas, NV 89107
(702) 889-6400
Fax: (702) 384-6025
jurdaz@hpslaw.com
*-and-*
EDWARD F. RUBERRY, ESQ.
VINCENT P. TOMKIEWICZ, ESQ.
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois, 60661-2511
(312) 466-8000
Fax: (312) 466-8001
vincent.tomkiewicz@brg-law.net
*Attorneys for Lincoln General Insurance Company*

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LINCOLN GENERAL INSURANCE COMPANY, a Pennsylvania corporation,

Plaintiff,

vs.

THOMAS HEATH CONSTRUCTION COMPANY – NEVADA, INC., a Nevada Corporation, THOMAS HEATH, an individual, LOS OLIVOS PARTNERS, LLC, a Nevada limited liability company, ROBERT AVERY, an individual, MA'AN NASIR, an individual, and DOES 1 though 10,

Defendants.

CASE NO.:

**COMPLAINT FOR DECLARATORY JUDGMENT**

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

COMES NOW, Lincoln General Insurance Company ("Lincoln General"), by its attorneys, and for its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. §§2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, against Defendants THOMAS HEATH CONSTRUCTION COMPANY – NEVADA, INC. ("Thomas Heath Construction"), THOMAS HEATH ("Mr. Heath"), LOS OLIVOS PARTNERS, LLC ("Los Olivos"), ROBERT AVERY ("Dr. Avery"), MA'AN NASIR ("Dr. Nasir"), and DOES 1 though 10, alleges as follows:

## PREFATORY COMMENT

1. This is a Declaratory Judgment action to obtain a declaration of the rights and obligations under insurance policies issued by Lincoln General to its named insured, Thomas Heath Construction. Lincoln General seeks a declaration from this Court regarding the extent of Lincoln General's rights and obligations, if any, under its policies for the allegations in the Counterclaim and Cross-Claim filed by Los Olivos, Dr. Avery and Dr. Nasir in the District Court of Clark County, Nevada in the case generally captioned as *Ferguson Enterprises, Inc. v. Thomas Heath Construction Company – Nevada, Inc, et al.*, Case No. 08A555697 (consolidated with Case No. 08A558511, 08A561145, 08A563961, 08A565099, 08A569598, and 08A571834) (hereinafter the "Cross-Claim" or the "Underlying Lawsuit").

2. The Cross-Claim arises out of the allegedly defective work in the development and construction of a custom home at 34 Grand Corniche Drive in the City of Henderson, Clark County, Nevada (the "subject premises" or the "subject home"). Thomas Heath Construction was the general contractor for the construction of the home.

3. Lincoln General seeks a declaration from this Court that there is no coverage under the general liability policies that Lincoln General issued to Thomas Heath Construction

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

and that Lincoln General has no obligation under the policies to defend and/or to indemnify Thomas Heath Construction or Mr. Heath against the allegations in the Cross-Claim.

**JURISDICTION AND VENUE**

4. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship between Plaintiff, Lincoln General, on the one hand, and all Defendants, on the other hand; and the amount in controversy, including the potential costs of both defending and indemnifying Thomas Heath Construction and Mr. Heath, substantially exceeds $75,000 exclusive of interest and costs.

5. Plaintiff Lincoln General Insurance Company is incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in York, Pennsylvania. Lincoln General was authorized to provide, and did provide, insurance to businesses in Nevada, including but not limited to, Thomas Heath Construction.

6. Defendant Thomas Heath Construction is a Nevada Corporation, and is engaged in the business of construction and development of real property in the State of Nevada. Its principal place of business is in Clark County, Nevada.

7. Defendant Mr. Heath is currently and was at all relevant times a citizen of the State of California, and is the President of Thomas Heath Construction.

8. Defendant Los Olivos is a Nevada limited liability company organized under the laws of the State of Nevada, and authorized to and doing business in Nevada. Its principal place of business is in Clark County, Nevada. Lincoln General seeks no relief against Los Olivos, but rather seeks to bind it to the declaratory judgment entered by the Court against Thomas Heath Construction and Mr. Heath in this Declaratory Judgment action.

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

9. Defendant Dr. Avery is currently and was at all relevant times a citizen of the State of California, and is currently the managing member of Los Olivos. Lincoln General seeks no relief against Dr. Avery, but rather seeks to bind him to the declaratory judgment entered by the Court against Thomas Heath Construction and Mr. Heath in this Declaratory Judgment action.

10. Defendant Dr. Nasir is currently and was at all relevant times a citizen of the State of California, and is one of three members of Los Olivos. Lincoln General seeks no relief against Dr. Nasir, but rather seeks to bind him to the declaratory judgment entered by the Court against Thomas Heath Construction and Mr. Heath in this Declaratory Judgment action.

11. The true names and capacities, whether individual, corporate, associate or otherwise, of Doe Defendants, are unknown to the Plaintiff at this time. Plaintiff is informed and believes and alleges that each of the Doe Defendants is or may be an interested party in the underlying claim and in this litigation.

12. Venue is appropriate in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claim occurred in Clark County, Nevada, within the District of Nevada.

**THE UNDERLYING LAWSUIT AND GENERAL ALLEGATIONS**

13. In the Cross-Claim Los Olivos, Dr. Avery and Dr. Nasir (sometimes referred to collectively herein as "the Partners") allege that Los Olivos is the current owner of the subject premises, which, upon information and belief, was conveyed by Mr. Heath, Dr. Avery and Dr. Nasir to Los Olivos in March 2006.[1]

[1] Lincoln General does not intend to imply or suggest that there is merit to the allegations in the Cross-Claims, which have been denied in the lawsuit.

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

14. Dr. Avery and Dr. Nasir contracted directly with Thomas Heath Construction for the development and construction of the subject premises. (See Cross-Claim, attached hereto as Exhibit "A," at p. 2, ¶¶ 3-4). Upon information and belief, the contract for construction of the premises was entered into between the Partners and Thomas Heath Construction on June 30, 2005, while construction of the subject home began in January 2006.

15. Thomas Heath Construction and Mr. Heath (referred to collectively as "Cross-Defendants"), along with other Doe defendants named in the Partners' Cross-Claim, were the developers and/or builders of the subject premises as residential structures intended to be used as residential dwelling. (See Exhibit A at p. 3, ¶8). Upon information and belief, the Doe defendants named in the Cross-Claim were subcontractors that worked on the construction of the subject premises.

16. Upon information and belief, Mr. Heath, Dr. Avery and Dr. Nasir signed a notice indicating that construction of the subject home was completed on December 21, 2007 (though the notice was not filed until April 2008), while the City of Henderson, Nevada issued a certificate of occupancy on December 24, 2007.

17. The Partners allege that they discovered the subject premises has been and is experiencing defective conditions, that the components are not of merchantable quality, and were not designed, erected, constructed or installed in a workmanlike manner, at sometime within the year preceding filing of the lawsuit. (See Exhibit A at p. 4, ¶11). The Partners allege violations of construction provisions and latent defects under Nevada law.

18. The Cross-Defendants are alleged to have failed to adequately correct the deficiencies at the subject premises, resulting in further damage to the property, and have caused cosmetic, temporary or ineffective repairs to be made to various portions of the subject premises

for purposes of leading the Partners to believe the Cross-Defendants were resolving and correcting the alleged deficiencies. (See Exhibit A at pp. 5-6, ¶¶16-18).

19. The Partners' contend that the defects in the construction of the subject premises include, among other things, the following:

- Drainage systems were improperly designed and/or constructed and/or built out of defective materials;
- The foundation systems were improperly designed and/or constructed and/or built out of defective materials;
- Defective stucco material and/or workmanship which has caused damage to the subject premises;
- Defective windows and/or window installation which has caused water damage to the subject premises;
- Defective framing materials and/or workmanship which has caused damage to the subject premises;
- Defective concrete materials and/or workmanship which has caused damage to the subject premises;
- Improper grading and/or drainage which has caused damage to the subject premises; and
- Defective roofing materials and/or workmanship which has caused damage to the subject premises.

(*See* Exhibit A at pp. 6-8, ¶20(a) through (q)).

20. In the Cross-Claim the Partners further allege that the above defects have directly and proximately caused water intrusion into the subject premises which has directly and proximately caused property damage, and mold and/or mildew to grow inside the subject premises. (See Exhibit A at p. 8, ¶22).

21. As a direct and proximate result of the above defects, the Partners contend that they have suffered damages that include the cost of repair of the defects, loss in value of the property, lost opportunity to market the property, and increased interests and costs as a result of the inability to market and sell the subject premises. (See Exhibit A at p. 8, ¶23).

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

22. The Partners' also claim they have suffered other damages, including diminution in value to their interest in the subject premises, damages to their personal property, and loss of use and enjoyment of the subject premises. (See Exhibit A at p. 8, ¶¶24-25).

23. The Cross-Claim includes 12 causes of action against the Cross-Defendants arising out of the alleged defects in the subject premises titled as follows: (1) Implied Warranty; (2) Breach of Express Warranty; (3) Breach of Contract; (4) Breach of Covenant of Good Faith & Fair Dealing; (5) Negligence; (6) Violation of NRS 624.3012: Diversion of Funds; (7) Violation of NRS 624.301: Abandonment; (8) Violation of NRS 624.3011: Failure to Construct in Workmanlike Manner; (9) Alter Ego; (10) Conversion; (11) Fraud; and (12) Breach of Fiduciary Duty. (See Exhibit A at pp. 8-20).

**THE LINCOLN GENERAL INSURANCE POLICIES**

24. Lincoln General provided general liability insurance to "Thomas Heath Construction Company – Nevada, Inc." During the pertinent time periods, Lincoln General issued two policies to Thomas Heath Construction (sometimes referred to collectively as the "Lincoln General Policies" or "the Policies").

25. The first policy, No. 6320026378 00, was effective March 25, 2005 to March 25, 2006 and renewed for the following period of March 25, 2006 to March 25, 2007 under policy No. 6320026378 01 (herein, "the 2005-2006 policy" and "the 2006-2007 policy, or collectively, the "Lincoln General 2005-2007 Policy"). The next policy, No. 634000661, was effective March 25, 2007 to March 25, 2008 (sometimes referred to herein as the "Lincoln General 2007-2008 Policy").

26. the Lincoln General Policies provided Commercial General Liability coverage subject to limits of $1,000,000 per occurrence and $2,000,000 General Aggregate. True and

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

accurate copies of the Lincoln General 2005-2007 Policy and the Lincoln General 2007-2008 Policy are attached hereto and incorporated herein as Exhibits "B" and "C," respectively.

**(A) <u>The Lincoln General 2005-2007 Policy</u>.**

27. The Lincoln General 2005-2006 Policy provisions, which are substantially the same in the 2006-2007 policy, and includes the following for the Commercial General Liability Coverage Form:

> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the Company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.
>
> Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

* * *

28. The Lincoln General 2005-2007 Policy provided, in relevant part, the following Insuring Agreement, which was modified by Contractors Amendatory Endorsement Form CLC-01-96:

. . .

. . .

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

**CONTRACTORS AMENDATORY ENDORSEMENT**

**CLC-01/96**

This endorsement modifies the insured afforded COMMERCIAL GENERAL LIABILITY FORM and any other COVERAGE FORMS attached to and forming part of this policy.

INSURING AGREEMENT – THIS POLICY APPLIES TO BODILY INJURY AND PROPERTY DAMAGE WHICH FIRST MANIFESTS DURING THE POLICY PERIOD, AND TO PERSONAL INJURY AND ADVERTISING INJURY WHEN THE DAMAGE FROM THE OFFENSE FIRST MANIFESTS DURING THE POLICY PERIOD.

A. SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABIITY.

1. "Insuring agreement" is deleted in its entirety and replaced by the following:

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion,

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" first manifests during the policy period. This insurance does not apply to any "bodily injury" or "property damage" that is continuous or progressively deteriorating and that first manifests prior to the effective date of this policy or after the expiration of this policy, even if such injury or damage continues or deteriorates during the time of this policy.

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

* * *

d. For the purposes of this endorsement, "bodily injury" first manifests when it is medically diagnosed, and "property damage" first manifests at the time it is apparent to any person, including, but not limited to, an "insured," a "claimant," or a property owner. "Claimant" means a person or entity who makes a claim or brings a suit against an "insured."

e. In the event this policy is renewed and coverage extends for more than one term, the following applies:

(1) The most we will pay for "bodily injury" and "property damage" that is continuous or progressively deteriorating, and that first manifests during one of the periods of this policy, is the applicable limit of insurance available with respect to that one policy period.

(2) The limit specified in Paragraph e.1 above is the only limit that applies to any related "bodily injury" or "property damage" regardless of whether such injury or damage existed before, or continues or progressively deteriorates after, the period in which it first manifests.

* * *

29. The Lincoln General 2005-2007 Policy issued to Thomas Heath Construction provided the following relevant definitions:

. . .

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

## SECTION V – DEFINITIONS

* * *

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, in adequate or dangerous; or

**b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

**a.** The repair, replacement, adjustment or removal of "your product" or "your work"; or

**b.** Your fulfilling the terms of the contract or agreement.

* * *

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

**21.** "Your product" means:

**a.** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

**(1)** You;

**(2)** Others trading under your name; or

**(3)** A person or organization whose business or assets you have acquired . . .

* * *

"Your product" includes:

**a.** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

**b.** The providing of or failure to provide warnings or instructions.

* * *

**22.** "Your work" means:

**a.** Work or operations performed by you or on your behalf; and

**b.** Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

**a.** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**b.** The providing of or failure to provide warnings or instructions.

* * *

30. Additionally, the Lincoln General 2005-2007 Policy issued to Thomas Heath Construction contained the following pertinent exclusions to liability coverage:

**<u>SECTION I – COVERAGES</u>**

* * *

**2. Exclusions**

This insurance does not apply to:

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

* * *

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

* * *

. . .

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

j. **Damage To Property**

"Property damage" to:

* * *

**(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

* * *

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

* * *

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products completed operations hazard".

**k.** **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

**l. Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after is has been put to its intended use.

* * *

31. The Lincoln General 2005-2007 Policy also contained certain exclusions to liability coverage that were added to the policy by way of endorsement. During the first year of

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

the Lincoln General 2005-2007 Policy (March 25, 2005 to March 25, 2006), the following "Designated Work" was excluded (under Form CG 21 34 01 87):

**EXCLUSION – DESIGNATED WORK**

**(Roofing)**

This endorsement modifies the insurance provided for the following parts:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**SCHEDULE**

**Description of your work: There is no coverage under your policy for any work performed by you for the following:**

1. INSTALLATION OF NEW ROOFS OR REPAIR OR REPLACEMENT OF EXISTING ROOFS, INCLUDING TEAR DOWNS.

THIS EXCLUSION DOES NOT APPLY TO ANY ROOFING WORK PERFORMED ON BEHALF OF THE NAMED INSURED BY LICENSED AND INSURED SUBCONTRACTORS.

"INSURED SUBCONTRACTORS" MEANS SUBCONTRACTORS WHO HAVE IN FORCE WORKERS' COMPENSATION COVERAGE AD COMMERCIAL GENERAL LIABILITY COVERAGE (INCLUDING COMPLETED OPERATIONS) WITH LIMITS OF AT LEAST $1,000,000 PER OCCURRENCE. THE SUBCONTRACTOR MUST ALSO INCLUDE THE NAMED INSURED AS AN ADDITIONAL INSURED.

* * *

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.

* * *

32. During the renewal year of the Lincoln General 2005-2007 Policy (March 25, 2006 to March 25, 2007), the following exclusion regarding roofing work was added:

**ROOFING EXCLUSION**

**LG CG 05 01 05**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. This insurance does not apply to "Bodily Injury", "Property Damage", "Personal Injury", or "Advertising Injury" arising out of:

1. The installation, repair or replacement of any roof including the tear down of any existing roof or portion of any roof; or
2. Any other work performed upon any roof, including the installation, repair, or removal of any materials or products from or on any roof or any portion thereof.

B. This exclusion shall not apply to any roofing work performed under Paragraph A.1 or A.2 on behalf of the named insured by any sub-contractor provided the following conditions are completely satisfied at the time of commencement of any work by the sub-contractor and continue until completion of all of the work by the sub-contractor:

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

1. The sub-contractor has a valid contractors license in the state of operations to perform roofing work; and

2. The sub-contractor has in force a Commercial General Liability policy with limits of at least $1,000,000 Per Occurrence for "Bodily Injury", "Property Damage", "Personal Injury", or "Advertising Injury", either as a combined or separate limit; and

3. The sub-contractor has added the named insured as an additional insured on its policy; and

4. The sub-contractor has in force Workers' Compensation and Employers Liability Coverage covering sub-contractors employees, if any.

In the event the exclusion does not apply because all of the conditions listed in Paragraph B are met, this insurance will be excess over any other valid and collectible insurance available to the named insured from the sub-contractor.

In the event any of the conditions listed in Paragraph B are not met, this exclusion will not apply.

* * *

33. During the renewal year of the Lincoln General 2005-2007 Policy (March 25, 2006 to March 25, 2007), the following "Contractors Amendatory Endorsement" was added:

. . .

. . .

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

**CONTRACTORS AMENDATORY ENDORSEMENT**

**LG CG 04 01 05**

**SUB-CONTRACTORS EXCLUSION**

THE FOLLOWING ADDITIONAL CONDITION IS ADDED TO THE POLICY

Coverage for Bodily Injury", "Property Damage", "Personal Injury", or "Advertising Injury" does not apply to any work performed on behalf of the named insured by any sub-contractor unless the following conditions are completely satisfied at the time of commencement of any work by the sub-contractor and continue until completion of all of the work by the sub-contractor:

1. The sub-contractor has a valid contractors license for the work to be performed, where such licenses are required by the state in which the work is to be performed; and

2. The sub-contractor has in force a Commercial General Liability policy with limits that are equal to or exceed the limits provided under this policy (exception: roofing subcontractors require limits of $1,000,000 for "Bodily Injury", "Property Damage", "Personal Injury", or "Advertising Injury", either as a combined or separate limit); and

3. The sub-contractor has added the named insured as an additional insured on its policy; and

4. The sub-contractor has in force Workers' Compensation and Employers Liability Coverage covering sub-contractors employees, if any.

In the event this exclusion does not apply because all of the conditions listed above are satisfied, this insurance will be excess over any other valid and collectible insurance available to the named insured from the sub-contractor.

In the event any of the conditions listed above are not satisfied, this exclusion will apply.

* * *

34. During the renewal year of the Lincoln General 2005-2007 Policy (March 25, 2006 to March 25, 2007), the following exclusion regarding "Fungi or Bacteria" was added:

**EXCLUSION – FUNGI OR BACTERIA**

**LC CG 07 05 04**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to Paragraph 2, Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability:

2. Exclusions

This insurance does not apply to:

**Fungi or Bacteria**

a. "Bodily Injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presences of, any "fungi" or bacteria on or within a building or structure, including its

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for consumption.

* * *

B. The following definition is added to the **Definitions** Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

* * *

35. The Lincoln General Policies also provided the following exclusion regarding certain damages awarded against Thomas Heath Construction (Form L 1003 06 07):

. . .

. . .

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

**PUNITIVE, EXEMPLARY AND EXTRACONTRACTUAL DAMAGE EXCLUSION**

The following exclusion is added:

PUNITIVE, EXEMPLARY AND EXTRACONTRACTUAL DAMAGE

This policy does not insure against or provide indemnity for fines, penalties, exemplary or punitive damages or any other type or kind of judgment or award which does not compensate the party benefitting from the award or judgment for any actual loss or damage sustained.

This exclusion applies to all coverages provided under this policy.

* * * * * * * * * *

**(B) The Lincoln General 2007-2008 Policy.**

36. The Lincoln General 2007-2008 Policy was similar in most respects to the Lincoln General 2005-2007 Policy. Specifically, the Lincoln General 2007-2008 Policy contained the same relevant definitions as set forth in SECTION V – DEFINITIONS, as well as exclusions 2.b., 2.j.(1), j.(5),j.(6), 2.l., and 2.m. set forth in SECTION I – COVERAGES.

37. Additionally, the Lincoln General 2007-2008 Policy contained the exclusions added by way of endorsement that were included in the renewal year of the Lincoln General 2005-2007 Policy, including: (a) the "Roofing Exclusion" (LG CG 05 01 05); (b) the "Sub-Contractors Exclusion" (LG CG 04 01 05); and (c) the "Fungi Or Bacteria" exclusion (LC CG 07 05 04).

38. The Lincoln General 2007-2008 Policy also contained the same "Punitive, Exemplary and Extracontractual Damage" exclusion found in the Lincoln General 2005-2007 Policy.

39. The Lincoln General 2007-2008 Policy did not contain Policy Contractors Amendatory Endorsement Form CLC-01-96. Instead, the Lincoln General 2007-2008 Policy provided, in relevant part, the following insuring agreement:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

. . .

. . .

. . .

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damages" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

"employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by other means that "bodily injury" or "property damage" has occurred or has begun to occur.

* * * * * * * * * *

## GROUNDS FOR DECLARATORY JUDGMENT

### COUNT I

### (No "Property Damage" Caused by an "Occurrence")

40. Lincoln General realleges and incorporates paragraphs 1 through 39 of this Complaint for Declaratory Judgment as if fully set forth herein.

41. The insuring agreements of the commercial general liability coverage of the Lincoln General Policies provided coverage only for claims that allege "property damage" caused by an "occurrence," as those terms are defined in the Policies.

42. The Partners' claim is for faulty workmanship in the construction of real property. The allegations and alleged damage do not constitute a claim for "property damage" as that term is used in the insuring agreement of the commercial general liability coverage of the Lincoln General Policies.

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

43. Additionally, the commercial general liability coverage of the Lincoln General Policies applies only to "property damage" caused by an "occurrence" for damage during the policy period.

44. The allegations of faulty workmanship do not allege an "occurrence" causing "property damage" as required by the insuring agreement of the commercial general liability coverage of the Lincoln General Policies.

45. Consequently, Lincoln General has no duty to defend or indemnify Thomas Heath Construction or Mr. Heath under the Lincoln General Policies against the allegations in the Cross-Claim.

## COUNT II

## ("Property Damage" Did Not Manifest During the Effective Period of the Lincoln General 2005-2007 Policy)

46. Lincoln General realleges and incorporates paragraphs 1 through 45 of this Complaint for Declaratory Judgment as if fully set forth herein.

47. The insuring agreement of the commercial general liability coverage of the Lincoln General 2005-2007 Policy as modified provided coverage only for "property damage" caused by an "occurrence" that first manifests during the policy period. The Lincoln General 2005-2007 Policy does not provide coverage for property damage that is continuous or progressively deteriorating and that first manifests prior to the effective date of this policy or after the expiration of this policy. The Lincoln General 2005-2007 Policy expired on March 25, 2007. Accordingly, there is no potential coverage for property damage that is apparent to anyone after that date.

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

48. Beginning no earlier than 2008, the Partners allege that they discovered the subject premises has been and is experiencing defective conditions, that the components are not of merchantable quality, and were not designed, erected, constructed or installed in a workmanlike manner.

49. Accordingly, any allegedly defective conditions and property damage, if any, were apparent to the claimants/homeowners, Los Olivos, Dr. Avery and Dr. Nasir, after the expiration of the Lincoln General 2005-2007 Policy.

50. Therefore, even if there was "property damage" caused by an "occurrence" as otherwise defined in the Lincoln General 2005-2007 Policy, the damage was first manifest or apparent after the effective coverage period of the Lincoln General 2005-2007 Policy. Accordingly, there is no coverage for Thomas Heath Construction or Mr. Heath under the Lincoln General 2005-2007 Policy for the allegations in the Partners' Cross-Claim.

## COUNT III

**(No Property Damage Occurred During the Effective Period of the Lincoln General 2007-2008 Policy)**

51. Lincoln General realleges and incorporates paragraphs 1 through 50 of this Complaint for Declaratory Judgment as if fully set forth herein.

52. The insuring agreement of the commercial general liability coverage of the Lincoln General 2007-2008 Policy as provided coverage only for "property damage" caused by an "occurrence" that occurs during the policy period. The Lincoln General 2007-2008 Policy does not provide coverage for property damage that is continuous or progressively deteriorating and that first manifests after the expiration of this policy. The Lincoln General 2007-2008 Policy

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

expired on March 25, 2008. Accordingly, there is no potential coverage for property damage that is apparent to anyone after that date.

53. The Partners allege that beginning no earlier than 2008, they discovered the subject premises has been and is experiencing defective conditions, that the components are not of merchantable quality, and were not designed, erected, constructed or installed in a workmanlike manner.

54. The allegedly defective conditions and property damage at the project, if any, did not occur until after the expiration of the Lincoln General 2007-2008 Policy.

55. Therefore, even if there was "property damage" caused by an "occurrence" as otherwise defined in the Lincoln General 2007-2008 Policy, the damage did not occur during the effective coverage period of the Lincoln General 2007-2008 Policy. Accordingly, there is no coverage for Thomas Heath Construction or Mr. Heath under the Lincoln General 2007-2008 Policy for the allegations in the Partners' Cross-Claim.

**COUNT IV**
**(No Coverage by Operation of Exclusions)**

56. Lincoln General realleges and incorporates paragraphs 1 through 55 of this Complaint for Declaratory Judgment as if fully set forth herein.

57. Even if the Partners' claim constituted an allegation of "property damage" caused by an "occurrence" and as first "manifest" during the effective period of the Lincoln General 2005-2007 Policy, or "property damage" caused by an "occurrence" that occurred during the effective period of the Lincoln General 2007-2008 Policy, there is no coverage by operation of other policy provisions and exclusions.

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

58. The Lincoln General Policies preclude coverage under Exclusion 2.b. for "property damage" for which Thomas Heath Construction is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

59. The Lincoln General Policies preclude coverage under Exclusion 2.j.(1) for any property that the "you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property." To the extent that an insured owned any interest in the project property, there is no coverage under the policies.

60. The Lincoln General Policies also preclude coverage under Exclusion 2.j.(5) for "property damage" to that particular part of real property on which the insured or any contractors or subcontractors working directly or indirectly on the insured's behalf are performing operations, if the "property damage" arises out of those operations, and under Exclusion 2.j.(6) for that particular part of any property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it.

61. Additionally, the Lincoln General Policies preclude coverage under Exclusion 2.k for "property damage" to the insured's product arising out of it or any part of it, and preclude coverage under Exclusion 2.l. for "property damage" to the insured's work arising out of it or any part of it and included in the products-completed operations hazard.

62. The Lincoln General Policies also preclude coverage under Exclusion 2.m. for "property damage" to "impaired property" or property that has not been physically injured, arising out of either (1) a defect, deficiency, inadequacy or dangerous condition in the insured's

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

product or the insured's work; or (2) a delay or failure by the insured or anyone acting on the insured's behalf to perform a contract or agreement in accordance with its terms.

63. The Policies further preclude coverage for any "property damage" as a result of certain roofing work as set forth in either Form CG 21 34 01 87, effective during the first year of the Lincoln General 2005-2007 Policy, or by Form LG CG 05 01 05, effective during the renewal year of the Lincoln General 2005-2007 Policy (March 25, 2006 to March 25, 2007) and the Lincoln General 2007-2008 Policy.

64. Additionally, there is no coverage for "property damage" under the renewal year of the Lincoln General 2005-2007 Policy (March 25, 2006 to March 25, 2007) and the Lincoln General 2007-2008 Policy for any work performed on behalf of Thomas Heath Construction by any sub-contractor that did not completely satisfy the requirements of the "Sub-Contractors Exclusion" set forth in Form LG CG 04 01 05.

65. Further, under the renewal year of the Lincoln General 2005-2007 Policy (March 25, 2006 to March 25, 2007) and the Lincoln General 2007-2008 Policy, there is no coverage for "property damage", or any loss, cost or expenses excluded by the "Fungi Or Bacteria" exclusion set forth in Form LC CG 07 05 04.

66. Finally, under Form L 1003 06 97 in the Lincoln General Policies, no coverage is afforded for any award of fines, penalties, exemplary or punitive damages or any other type or kind of judgment against Thomas Heath Construction or Mr. Heath that does not compensate the party benefitting from the award or judgment for any actual loss or damages sustained.

67. Pursuant to the above-quoted provisions in the Lincoln General Policies, there is no coverage for the claims for faulty workmanship in the development and construction of the home at 34 Grand Corniche Drive in Henderson, Nevada.

68. Based on the foregoing exclusions in the Lincoln General Policies, Lincoln General has no duty to defend or indemnify Thomas Heath Construction or Mr. Heath for the allegations set forth in the Cross-Claim.

**RELIEF SOUGHT**

69. By reason of the foregoing, an actual controversy exists between the parties and each of them, which may be determined and resolved by this Court. This Court has authority to declare the rights and obligations of the parties under the terms and provisions of the Lincoln General insurance policies under 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure.

70. Lincoln General respectfully requests that this Honorable Court:

A. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Lincoln General Policies;

B. Find and declare that the Lincoln General Policies do not provide coverage to any portion of the allegations in the Cross-Claim;

C. Find and declare that Lincoln General has no duty to defend or indemnify Thomas Heath Construction or Mr. Heath under any of the insurance policies against the allegations in the Cross-Claim; and

. . .

. . .

. . .

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025

D. Grant such other and further relief as it deems proper under the evidence and circumstances.

DATED this 14th day of October, 2010.

HALL PRANGLE & SCHOONVELD, LLC

By: ______________________________
JONQUIL L. URDAZ, ESQ.
Nevada Bar No.: 10783
HALL PRANGLE & SCHOONVELD, LLC
777 North Rainbow Blvd., Ste. 225
Las Vegas, NV 89107
*Attorney for Lincoln General Insurance Company*

*Of Counsel*
Edward F. Ruberry
Vincent P. Tomkiewicz
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois, 60661-2511
(312) 466-8000
(312) 466-8001 (fax)
e-mail: vincent.tomkiewicz@brg-law.net

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400 FACSIMILE: 702-384-6025